NOT FOR PUBLICATION                                      (Doc. Nos. 72, 73, 76, 79)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____          :
                                           :
K.J. and T.J. on behalf of K.J., Jr. et al.,   :
                                           :        Civil No. 14-145 (RBK/JS)
                    Plaintiffs,            :
                                           :        **OPINION**
                                           :
                                           :
                                           :
                    v.                     :
                                           :
GREATER EGG HARBOR REGIONAL                 :
HIGH SCHOOL DISTRICT BOARD OF               :
EDUCATION et al.,                          :
                                           :
                    Defendants.            :
_____          :

**KUGLER**, United States District Judge:

   This matter comes before the Court on Motions to Dismiss from: Defendants Christopher

Cerf and the New Jersey Department of Education (collectively, "Department Defendants")

(Doc. No. 72); Defendants Greater Egg Harbor Regional High School District Board of

Education, Steve Ciccariello, John Ragan, Erin Byrnes, James Reina, Michael McGhee, Scott

Parker, Megan Hallman, Gregory Ferree, Maggie Holmes, Paula Londono, Cori Koury, Karen

Cavalieri, Christine Reina, Erin Hoban, Stephanie Tarr, Edward Ottepka, and Ramone Valentine

(collectively, "School Defendants") (Doc. No. 73); Defendants Anne Crater and Lauren Kirk

("Prosecutor Defendants") (Doc. No. 76); and Defendant Atlantic County Prosecutor's Office

(Doc. No. 79). For the following reasons Department Defendants' motion to dismiss is

**GRANTED**; School Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN**

**PART**; Prosecutor Defendants' motion to dismiss is **GRANTED**; and Defendant Atlantic County Prosecutor's Office's motion to dismiss is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recite the facts of this case, as they have been laid out in great detail in this Court's previous opinions regarding motions to dismiss the Fourth Amended Complaint. *See* April 21, 2015 Opinion at 2-10 (Doc. No. 51); Aug. 26, 2015 Opinion at 2-10 (Doc. No. 57). The Court previously dismissed a number of counts and allowed Plaintiffs one final opportunity to seek leave to amend their complaint. *Id.* at 28. Plaintiffs filed their motion to amend on September 7, 2015. (Doc. No. 59). Department Defendants filed their motion to dismiss on April 22, 2016. School Defendants filed their motion to dismiss on April 22, 2015. Defendants Crater and Kirk filed their motion to dismiss on April 29, 2016. The Atlantic County Prosecutor's Office filed its motion to dismiss on May 5, 2016.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In*

*re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A.  Motion to Dismiss Counts I and II by Defendants Cerf and New Jersey Department of Education

Defendants Cerf and the New Jersey Department of Education ("the Department") move to dismiss any remaining claims against them. As an initial matter, Defendant Cerf points out that Plaintiffs' Fifth Amended Complaint ("FAC") does not set forth any facts against Cerf in his personal capacity. Department Defs.' Br. at 4 (Doc. No. 72-1). Plaintiffs acknowledge that their FAC took out claims against Cerf in his individual capacity, and then argue that Department

Defendants filed their motion to dismiss in violation of Rule 12(g)(2) and without any basis in fact or law. Pls.' Opp'n Br. to State Defendants' Motion to Dismiss Plaintiffs' Fifth Amended Complaint ("Pls.' SD Opp'n Br.") at 17. Plaintiffs then request that they be provided the opportunity to cure any deficiencies and file another amended complaint if the Court is inclined to grant State Defendants' motion. *Id.*

The Court notes at the outset that Plaintiffs' FAC is 106 pages long. This is two more pages than the Fourth Amended Complaint which contained counts subsequently dismissed with prejudice. *See generally*, FAC (Doc. No. 65). The FAC does mention that Defendant Cerf is a person for section 1983 purposes, but does not state any other claim against him. FAC ¶ 86. Plaintiffs argue that Defendant Cerf's motion to dismiss nonexistent counts is a violation of Rule 11, which should serve as a basis to deny Department Defendants' motion to dismiss. Pls.' SD Opp'n Br. at 16. Rule 11 does impose penalties for baseless filings, but Rule 11 does not serve as an independent basis to deny a motion. The Court finds Plaintiffs' argument regarding Rule 11 unavailing. The Court suggests that Plaintiffs' counsel re-familiarize herself with Rule 11 and the process of making a separate motion for sanctions. *See generally* Fed. R. Civ. P. 11(c).[1] The Court also finds, in light of Plaintiffs' acknowledgement that there are no claims against Defendant Cerf in his individual capacity, that Defendant Cerf should be terminated from this case.

The Court now turns to the Department's motion to dismiss Counts I and II of the FAC pursuant to Rule 12(b)(6), which allege violations of the Rehabilitation Act and the Americans with Disabilities Act ("ADA") and Americans with Disabilities Amendment Act ("ADAA"). FAC ¶¶ 51-65. Plaintiff argues that this Court has already held that it would not dismiss these

---

[1] The Court notes that Plaintiffs' attorney raises Rule 11 as a basis to deny all of the outstanding motions to dismiss. The Court will not address this argument in the remaining subparts because counsel's argument is ludicrously inapplicable in each instance.

Counts against the Department in its April 21, 2015 opinion. Pls.' SD Opp'n Br. at 18. Plaintiffs further argue that the instant motion is merely "an attempt to re-adjudicate an issue that has already been decided by this Court" and that Defendants were not granted the right to "re-argue claims the Court had already decided." *Id.* Plaintiffs also argue that Rule 12(g)(2) bars the Department's 12(b)(6) challenge because it was not raised in their initial motion to dismiss. *Id.* at 19. Defendants respond that Judge Schneider's order granting Plaintiffs leave to file their Fifth Amended Complaint stated that the order was "entered without prejudice to the right of defendants to assert all applicable defenses to plaintiffs' fifth amended complaint." March 4, Order at 6 (Doc. No. 64); SD Defs.' Reply at 3. The Court notes that the Department opposed Plaintiffs' motion for leave to amend their complaint. (Doc. No. 61). The Court reads Judge Schneider's order as granting the Department leave to assert any defense applicable, and interprets "applicable" to mean "possible" rather than "available." Therefore, the March 4, 2016 order allowed the Department to raise 12(b)(6) as a defense, despite the fact that the Department had not raised 12(b)(6) in its original motion to dismiss the Fourth Amended Complaint.

This Court's opinion on April 21, 2015 declined to dismiss Counts I and II against the Department and Cerf on the basis of mootness, which is a defense premised on the court's lack of subject-matter jurisdiction under Rule 12(b)(1). April 21, 2015 Op. at 17 (Doc. No. 51). The Court did not opine on whether Plaintiffs adequately stated a claim. Therefore, the Court has not previously opined on whether Plaintiff has stated a claim, and will analyze Defendants' motion to dismiss pursuant to Rule 12(b)(6).

To state a claim for a violation of Section 504 the Rehabilitation Act, a plaintiff must show that (1) he is a "handicapped individual," (2) he is "otherwise qualified" for participation in the program, (3) the program receives "federal financial assistance," and (4) he was "denied the

benefits of" or "subject to discrimination" under the program. 29 U.S.C. § 794(a); *see also*

*Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3d Cir. 1991). Similarly, a plaintiff may

maintain a claim for a violation of the ADA by showing the same elements, minus the

requirement that the program receive federal financial assistance, but with the requirement that

the program or services be provided by a "public entity." *See* 42 U.S.C. § 12132 ("Subject to the

provisions of this subchapter, no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such entity."); *see also*

*Helen L. v. DiDario*, 46 F.3d 325, 332 (3d Cir. 1995) (noting that the ADA "extend[ed] section

504's anti-discrimination principles to public entities.")

     Defendants note that the Third Circuit has recently issued a relevant decision in

*Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Hum. Servs.*, 796 F.3d 293 (3d Cir. 2015).

The Third Circuit stated that it was "unaware of any case holding that a Title II violation can be

stated in the absence of an allegation that a qualified person with a disability has been denied

access to a public service, program, or activity to which nondisabled people have access." *Id.* at

305. The court went on to hold that Plaintiff "failed to allege a prima facie violation of Title II of

the ADA because the provision of judicial process before the nonemergent administration of

psychotropic drugs is not a 'service, program, or activity' of New Jersey from which the civilly

committed are excluded." *Id.* at 307. Plaintiffs characterize this argument as "an offensive

attempt . . . to contravene the rights of students with disabilities." Pls.' SD Opp'n Br. at 21.

Plaintiffs' Opposition Brief does not, however, cite law to suggest that the Third Circuit's

opinion is not binding on this Court. Plaintiffs also argue that the program, service, or activity

that KJ was denied access to was the right to attend public school. *Id.*

The FAC alleges that the Department violated section 504 because "they allowed the Office of Administrative Law and the Office of Special Education to delay the Due Process action field in the OAL in violation of Federal law" and then states that "Defendants' violations of [K.J.'s] rights under Section 504" caused K.J. to suffer the loss of education. FAC ¶¶ 57-58. Plaintiffs' opposition brief clarifies that that the Departments' role in the delay of K.J.'s Due Process action caused him to be denied access to public education. Pls.' SD Opp'n Br. at 21. The FAC does not, however, make a specific allegation that the Department was connected with K.J.'s loss of education. It follows that the FAC does not connect the Department's alleged actions or inactions with a denial of K.J.'s access to a service, program, or activity to which nondisabled people have access. Accordingly, Plaintiff's FAC fails to state a prima facie claim under the ADA or the Rehabilitation Act and Defendant's motion to dismiss is granted.[2]

**B.   School Defendants' Motion to Dismiss**

The School Defendants have moved to dismiss many counts of the Fifth Amended Complaint. The Court addresses them in turn. As an initial matter, Plaintiffs argue that School Defendants are simply attempting to reargue prior arguments based on language that "Defendants again request that the Court dismiss Plaintiff's Complaint for failure to provide any factual basis to support the legal claims." Pls.' School Defendants Opp'n Br. ("Pls.' School Opp'n Br.") at 18. The Court will not dismiss Plaintiffs' claims writ large based on failure to specifically state the factual basis for their claims as Defendants request. The Court will, however, address Defendants' arguments where appropriate.[3]

---

[3] The Court conducts this analysis despite Plaintiffs' contention that Defendants should be barred from attempting to reargue previous arguments. The Court notes that Defendants are in many cases reasserting arguments to dismiss claims that this Court previously dismissed in the Fourth Amended Complaint.

*Rehabilitation Act & the ADA/ADAA*

School Defendants first move to dismiss Plaintiffs' claims under the Rehabilitation Act and the ADA/ADAA for failure to allege a viable claim. School Defs.' Br. at 5-6 (Doc. No. 73-1). Plaintiffs argue that Rule 12(g)(2) bars Defendants from asserting this claim. Pls.' School Opp'n Br. at 15-16. Defendants respond that 12(b)(6) defenses cannot be waived. School Defendants' Reply Br. ("Sch. Defs.' Reply Br.") at 3. Defendants' reply ignores the text of Rule 12(g)(2).

Federal Rule of Civil Procedure 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." This Court has held that "[w]ith respect to amended complaints and Fed. R. Civ. P. 12(g)(2), even if a plaintiff files an amended complaint . . . [it] does not revive the right to interpose defenses or objections which might have been made to the original complaint." *Oliver v. Roquet*, No. 13-1881, 2014 WL 4271628, at *3 (D.N.J. Aug. 28, 2014).

The Court notes that the School Defendants previously moved to dismiss Plaintiffs' Fourth Amended Complaint. Notably, School Defendants moved to dismiss Plaintiffs' Rehabilitation Act and ADA/ADAA claims as moot. *See* School Defs.' Br. Fourth Amended Compl. at 3-6 (Doc. No. 43-3). Defendants could have argued that Plaintiffs failed to adequately state a claim under the Rehabilitation Act and the ADA/ADAA at that point, but omitted that argument from their motion. The Court defers to the text of Rule 12. Accordingly, School Defendants' motion to dismiss Counts I and II is denied.[4]

---

[4] The Court would like to make it exceedingly clear that it is not opining on whether Plaintiffs have stated a claim that could survive a subsequent motion for summary judgment. The Court simply cannot opine on the adequacy of Plaintiffs' allegations at this time due to the constraints of Rule 12(g)(2).

*§ 1983 Claims Against Greater Egg Harbor School District*

School Defendants then argue that Plaintiffs' FAC fails to remedy the deficiencies that this Court found in its August 26, 2015 Opinion. School Defs.' Br. at 6-7. Plaintiffs respond that the individual school defendants violated their own school policies and customs, therefore both the individuals and Egg Harbor can be held liable. Pls.' School Opp'n Br. at 24-25. The Court does not observe anything in Counts IV, V, VI, VII, or VIII alleging that the Great Egg Harbor Regional High School District had a policy, custom, or practice that led to the alleged constitutional violations against K.J. Rather, the FAC contends that the individual defendants deviated from the District's policies. *See, e.g.*, FAC ¶ 135. The Court observes that the FAC has not remedied the deficiencies noted in its earlier opinion regarding the District's liability. Aug. 26, 2015 Opinion at 17-19.

Accordingly, the Court dismisses Counts IV, V, VI, VII, and VIII to the extent they allege liability for Egg Harbor.

*Motion to Dismiss All Claims Against Individual Defendants Due to Vague Conclusory Allegations*

School Defendants next argue that all claims against the individual defendants in their official and individual capacities should be dismissed because Plaintiffs have not properly alleged which claims in the FAC apply to each official. School Defs.' Br. at 8. Plaintiffs respond that this is untrue because all of their claims are against the School Defendants in their individual capacities and the counts are against specified individuals. Pls.' School Opp'n Br. at 25-26. The Court acknowledges that Plaintiffs do appear to make specific allegations in some of the Counts, and will address Defendants' argument when applicable to each count.[5]

---

[5] The Court also notes that Plaintiffs state that all claims against individual defendants are "in their individual capacities only." Pls.' School Opp'n Br. at 26.

9

*Qualified Immunity*

School defendants then argue that the individual defendants are entitled to qualified immunity. School Defs.' Br. at 9-10. The Court notes that School Defendants could have raised this argument in their motion to dismiss the Fourth Amended Complaint, but this argument was omitted from that motion. For the reasons discussed above regarding Rule 12(g)(2),[6] the Court denies School Defendants' motion to dismiss all counts against the individual defendants on the basis of qualified immunity.

*Count V: Fourth Amendment*

It appears to the Court that Count V of Plaintiffs' FAC alleges that Defendants McGhee, Ottepka, and Valentine violated K.J.'s Fourth Amendment right to be free from unreasonable searches and seizures. FAC ¶¶ 91-106. Defendants argue that Plaintiffs' factual allegations have not remedied the deficiencies that this Court found in August 2015, which necessitates dismissal. School Defs.' Br. at 10. Plaintiffs respond that they have attempted to cure the factual deficiencies in their FAC. Pls.' School Opp'n Br. at 29.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend IV. The Fourteenth Amendment extends this constitutional guarantee to searches and seizures by state officers. *New Jersey v. T.L.O.*, 469 U.S. 325, 335 (citing *Elkins v. United States*, 364 U.S. 206, 213 (1960)). As state officers, public school officials, too, are subject to the Fourth Amendment's prohibition on unreasonable searches and seizures. *Id.* at 740.

However, "[t]he school setting requires some easing of the restrictions to which searches by public authorities are ordinarily subject." *T.L.O.*, 469 U.S. at 340. Because school officials must effectively balance a student's privacy interest against the "school's equally legitimate need

---

[6] Plaintiffs argue that Rule 12(g)(2) bars Defendants' qualified immunity argument here.

to maintain an environment in which learning can take place," the Fourth Amendment standard stops short of probable cause. *Id.* The search must instead be reasonable under the circumstances, meaning it must be "justified at its inception" and "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* at 743 (citations omitted). A search is justified so long as there is "a moderate chance of finding evidence of wrongdoing." *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 371 (2009). Similarly, a seizure of a student in public school is also governed by the reasonableness standard. *See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 148 (3d Cir. 2005) (joining other U.S. Courts of Appeals in adopting the reasonableness standard).

At this juncture, the Court accepts all factual allegations as true and views them in the light most favorable to the non-moving party. *Fowler*, 578 F.3d at 210. The court considers only whether any reasonable reading of the complaint could entitle the plaintiffs to relief. *Id.* Using this standard as its lens, the Court finds that Count V alleges a plausible Fourth Amendment claim against McGhee, Ottepka, and Valentine.

The FAC alleges that Defendants searched K.J.'s pockets, backpack, and entire sketchpad without a reasonable basis. FAC ¶ 93. Plaintiffs allege that Defendants McGhee, Ottepka, and Valentine's search of K.J.'s person and backpack was unreasonable in scope and unrelated to the original objective of the search because the initial drawing of the spaceman was the initial point of concern and the drawing was not in K.J.'s pockets or backpack. FAC ¶ 97. The Court believes that Plaintiffs have sufficiently alleged facts that Defendants' search of K.J.'s personal affects had an unreasonable scope.

Accordingly, Defendants' motion to dismiss Count V against McGhee, Ottepka, and Valentine is denied. Defendants' motion to dismiss Count V against any other individual

defendant is granted because Count V does not specifically identify any other defendant's culpable conduct.

*Count VI: First Amendment*

Plaintiffs allege that defendants McGhee, Reina, Ciccariello, Ferree, and Parker violated K.J.'s First Amendment rights. FAC ¶ 108. Defendants move to dismiss Count VI as to Ferree because Plaintiff has not alleged that Ferree was responsible for the decision to punish K.J. School Defs.' Br. at 12. Defendants also move to dismiss Count VI as to McGhee, Reina, and Ciccariello because they are entitled to qualified immunity. *Id.* Defendants also argue that Hallman should be dismissed from this litigation because no claims remain against her. Plaintiffs respond that Defendants' argument regarding Ferree and qualified immunity are new arguments barred by 12(g)(2). Pls.' School Opp'n Br. at 30. Plaintiffs further argue that Hallman remains in several other Counts in the FAC. *Id.* The Court agrees that Defendant Hallman is specifically mentioned in other counts of the FAC. Therefore, the Court will dismiss Hallman from any claims in which arguments to dismiss her are properly raised. The Court also notes that Defendants' arguments regarding Ferree and qualified immunity for the other individual defendants were not raised in their previous motion and are therefore precluded by Rule 12(g)(2).

Accordingly, Defendants' motion to dismiss Count VI against McGhee, Reina, Ciccariello, and Ferree is denied.

*Count VII: Procedural Due Process*

It appears to the Court that Count VII alleges that Defendants Reina, Ragan, McGhee, Holmes, Ciccariello, Koury, Byrnes, Parker, Londono, and Cavalieri violated K.J.'s right to procedural due process when he was not given a hearing or appeal regarding the school's

decision to not allow K.J. to return to school between May 2013 (when K.J. was found not guilty of his remaining charges) and March 2014. FAC ¶¶ 126-37. Defendants argue that Plaintiff was provided procedural due process through the criminal system and through the administrative forum and that Plaintiff was not allowed to return to school until May 2013 because K.J. was on house arrest. School Defs.' Br. at 13. Plaintiffs respond that their claim has nothing to do with the due process that K.J. was afforded in the court system, but rather, the due process given to him regarding his deprivation of education. Pls.' School Opp'n Br. at 31.

To establish a prima facie case of a procedural due process violation, a plaintiff must establish: (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process. *See Rusnak v. Williams,* 44 F. App'x 555, 558 (3d Cir. 2002) ("Procedural due process claims, to be valid, must allege state sponsored-deprivation of a protected interest in life, liberty or property. If such an interest has been or will be deprived, procedural due process requires that the governmental unit provide the individual with notice and a reasonable opportunity to be heard.") (citation omitted); *Shoats v. Horn,* 213 F.3d 140, 143 (3d Cir. 2000).

Regarding the process required under the Fourteenth Amendment, "due process is not a fixed concept, but a flexible doctrine that varies with the particular circumstances." *Van de Zilver v. Rutgers Univ.,* 971 F.Supp. 925, 932 (D.N.J.1997) (citing *Zinermon v. Burch,* 494 U.S. 113, 127 (1990)). The "requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Kahn v. United States,* 753 F.2d, 1208, 1218 (3d Cir. 1985).

Plaintiffs have alleged that K.J. was denied the opportunity to return to Cedar Creek for education (a protected liberty or property interest), by defendants (state actors), from May 2013 to March 2014 without notice, a hearing, or an appeals process. FAC ¶¶ 130-37.

13

Accordingly, the Court finds that Plaintiffs have set forth sufficient facts to plausibly conclude that they are entitled to relief for Defendants' alleged violations of K.J.'s right to procedural due process. Defendants' motion to dismiss Count VII is denied.

*Count VIII: Equal Protection Clause*

Count VIII of Plaintiffs' FAC alleges that Defendants Ciccariello, Reina, Ragan, Reina, Byrnes, Koury, Cavalieri, McGhee, Holmes, Hallman, and Tarr treated Plaintiff differently by failing to apply district policy regarding equal education, in violation of K.J.'s rights under the Equal Protection Clause of the Fourteenth Amendment. Defendants argue that Plaintiffs have failed to allege that Plaintiff, as a class of one, was intentionally treated differently from other similarly situated. School Defs.' Br. at 13. Plaintiffs response is cryptic, but they appear to argue that K.J. was treated differently because of his disability in combination with national fear after the Sandy Hook tragedy. Pls' School Opp'n Br. at 32-33.

Defendants correctly note that the Supreme Court has held that successful claims as a class of one arise where "plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Court observes that Plaintiffs' FAC does not contain allegations that K.J. was treated differently from similarly situated students. Rather, the FAC contains conclusory statements that the individual defendants treated K.J. differently. *See, e.g.*, FAC ¶ 141.

Accordingly, the Court finds that Plaintiffs have not set forth sufficient facts to plausibly conclude that they are entitled to relief for Defendants' alleged violations of K.J.'s equal protection rights. Defendants' motion to dismiss Count VIII is granted.

*Count III: New Jersey Civil Rights Act*

14

Count III of Plaintiffs' FAC alleges that various individual defendants violated K.J.'s civil rights as protected by New Jersey law. Defendants argue that this count must fail based on their above arguments regarding Plaintiffs' failures to state claims for Fourth Amendment, First Amendment, and Fourteenth Amendment civil rights violations. School Defs.' Br. at 11-12. Plaintiffs respond that they rely on their previous arguments regarding the constitutional claims discussed above. Pls.' School Opp'n Br. at 33-34.

In light of the Court's analysis above, Defendants' motion to dismiss Count III is denied as to Defendants Reina, Ragan, McGhee, Holmes, Ciccariello, Koury, Byrnes, Parker, Londono, and Cavalieri's liability for violating K.J.'s procedural due process rights, Defendants McGhee, Reina, Ciccariello, and Ferree's liability for violating K.J.'s First Amendment rights, and Defendants McGhee, Ottepka, and Valentine's liability for violating K.J.'s Fourth Amendment rights. Defendants' motion to dismiss Count III is granted as to all individual defendants' liability for violating K.J.'s rights under the Fourteenth Amendment's Equal Protection Clause.

*Count X: § 1985 Conspiracy*

Count X appears to allege that Defendants Mr. Reina, Holmes, Ragan, and Koury conspired to deprive K.J. of his liberties in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Defendants argue that Plaintiffs have not cured any of the defects identified in this Court's August 26, 2015 opinion. School Defs.' Br. at 12. Plaintiffs respond that they have, in fact, set forth specific details as to each individual defendant's purposeful actions with regard to the alleged conspiracy. Pls.' School Opp'n at 34.

To survive a motion to dismiss, plaintiffs must assert "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in

15

furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir.2005) (citing *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828–29 (1983)). Moreover, "allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy:  agreement and concerted action." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (citing *Crabtree v. Muchmore,* 904 F.2d 1475, 1481 (10th Cir.1990)).

Plaintiffs' FAC offers no facts to support their allegations that Defendants formed a conspiracy to deprive K.J. of his rights. Plaintiffs offer a conclusory allegation that one email between Holmes and Ragan "exemplifies that there appeared to be consensus or acquiescence as to the feelings toward K.J." FAC ¶ 163. The allegations in the FAC do not mention an agreement or *concerted* (rather than individual) actions among the defendants. Accordingly, Defendants' motion to dismiss Count X is granted.

*Count IV: Persons Statement*

Defendants next argue that Count IV should be dismissed because it does not contain any substantive allegations or claims. School Defs.' Br. at 12-13. Plaintiffs respond that Count IV should be incorporated into Counts V through XI because the assertions in Count IV apply to those Counts. Pls.' School Opp'n at 35. The Court agrees that Count IV contains no substantive allegations. Plaintiffs' decision to allege a separate Count for preliminary information that they admit could have been incorporated into other Counts is vexing, but the Court does not find that it must be dismissed.

*Count XVII: Negligent Infliction of Emotional Distress*

Count XVII alleges that Defendants Reina, McGhee, Ragan, Hallman, and Ciccariello negligently inflicted emotional distress upon K.J. Defendants argue that Plaintiffs' allegations fail to state a valid cause of action for negligent infliction of emotional distress ("NIED") under New Jersey law. School Defs.' Br. at 13. Plaintiffs argue that K.J. and family members can recover for emotional injury unaccompanied by physical impact if the plaintiff is placed in reasonable fear of immediate personal injury. Pls.' School Opp'n Br. at 35. Plaintiffs state that their claim stems from fear for the physical safety of K.J. due to the physical and emotional damage that Defendants caused to K.J.[7] *Id.*

New Jersey law recognizes two forms of NIED claims: the "zone of danger" theory where the plaintiff is located within a zone of risk created by the defendant's negligent conduct, and the theory allowing recovery for witnessing the death or serious physical injury of a close family member. *See Jablonowska v. Suther*, 195 N.J. 91, 104 (2008). Plaintiffs' FAC contains no factual allegations to establish that any Plaintiff was placed in a zone of danger by Defendants' allegedly negligent conduct, nor does the FAC allege that any plaintiff contemporaneously witnessed the death or serious physical injury of a close family member. Accordingly, Defendants' motion to dismiss Count XVII is granted.

*Count XVIII: Defamation*

Count XVIII alleges that statements made by Defendants Ciccariello, McGhee, Reina, Tarr, Ragan, Holmes, Londono, and Byrnes were false or injurious to K.J.'s reputation. FAC ¶ 261. Defendants contend that Plaintiffs have simply failed to allege any false statement made by a specific defendant that would support a defamation claim. School Defs.' Br. at 16. Plaintiffs respond that they have made specific allegations. Pls.' School Opp'n Br. at 36.

---

[7] The Court notes that calling this argument circular would be an understatement.

Under New Jersey defamation law, "the plaintiff bears the burden of establishing, in addition to damages, that the defendant '(1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff.'" *Petersen v. Meggitt,* 969 A.2d 500, 507 (N.J. Super. Ct. App. Div. 2009) (quoting *Feggans v. Billington,* 677 A.2d 771, 775 (App. Div. 1996)). The plaintiff also bears the burden of proving fault—either negligence or malice—depending on whether the matter is one of private or public concern. *Id.*

Plaintiffs' FAC again makes the broad accusation that McGhee, Reina, and Tarr made "false and injurious" statements to the police and/or to the Smithsonian. FAC ¶ 261. Plaintiffs allege that a statement that police were called in response to a student demonstrating concerning behavior was false because K.J. was simply doodling in class, which is not concerning behavior. FAC ¶ 263. This allegation does not attribute the alleged statement to the police to any individual defendant. Plaintiffs also allege that any statement by Ciccariello to the newspapers was false because K.J. was not engaged in suspicious or disturbing behavior. FAC ¶ 269. Plaintiffs further allege that Tarr's statements to the Smithsonian "on orders by Mr. Reina" were false because K.J. was not a behavior issue. FAC ¶ 270. Plaintiffs also allege that statements by Reina and Ciccariello to the police and homes in the school district via an "All Call" contained false information and statements about K.J. FAC ¶ 275-77. Plaintiffs' allegations do not specify facts as to what these statements were or why they were false. Plaintiffs then allege that Tarr's statements to the Smithsonian that K.J. was a behavior issue were false. FAC ¶ 280. Plaintiffs do not specify facts to demonstrate why this statement was false. Plaintiffs further allege that false statements regarding two severe behavioral incidents were placed in K.J.'s IEP. FAC ¶ 283-84. Finally, Plaintiffs allege that Defendant Londono wrote a letter which falsely stated that K.J. had

failed his German III class. FAC ¶ 281. This allegation does not contend to whom this letter was written.

The Court finds that Plaintiffs' allegations in the FAC are more detailed than the previous complaint. However, Plaintiffs' allegations are still too vague and conclusory to withstand a motion to dismiss. Accordingly, Defendants' motion to dismiss Count XVIII is granted.

*Count XIX: False Light*

Count XIX alleges that Defendants Reina, McGhee, and Ciccariello made false statements that placed K.J. in a false light. Defendants' and Plaintiffs' arguments on this point are the same as those made for Count XVIII. *See* School Defs.' Br. at 16; Pls.' School Opp'n Br. at 36.

To state a claim for the tort of false light, a plaintiff must allege (1) placement in a false light that would be highly offensive to a reasonable person and that (2) "the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Leang v. Jersey City Bd. of Educ.,* 969 A.2d 1097, 1116 (N.J. 2009). "The publicized material in a false-light claim must constitute a 'major misrepresentation of [plaintiff's] character, history, activities, or beliefs.'" *Romaine v. Kallinger,* 537 A.2d 285, 295 (N.J. 1988) (citation omitted).

Plaintiffs' false light claim suffers the same deficiencies as their defamation claim. Plaintiffs do not allege facts to suggest why defendants' statements to newspapers were false. Furthermore, Plaintiffs do not disclose what information disclosed by defendants via the "All Call" was false, nor do they allege facts to suggest that statements in the "All Call" were false. Accordingly, Defendants' motion to dismiss Count XIX is granted.

*Derivative Claims*

As a final matter, Defendants move to dismiss Plaintiffs' derivative claims for the parents and siblings of K.J. because IDEA, section 504 of the Rehabilitation Act, and section 1983 do not recognize derivative claims. School Defs.' Br. at 16. Plaintiffs respond that this Court has already noted Plaintiffs' derivative claims relate only to those counts sounding in tort law. Pls.' School Opp'n Br. at 37 (citing Aug. 26, 2015 Opinion at 13 n.8). Accordingly, Defendants' motion to dismiss derivative claims under IDEA, section 504 of the Rehabilitation Act, and section 1983 is denied as moot.

### C. Motion to Dismiss Count XX by Defendants Kirk and Crater

Prosecutor Defendants move to dismiss Count XX of the FAC, captioned "Negligence, Gross Negligence, and Respondeat Superior" for failure to state a claim. Defendants argue that they should have leave to raise this 12(b)(6) motion because the Court construed Plaintiffs' negligence claim in the Fourth Amended Complaint to include a state law malicious prosecution claim. Prosecutors' Br. at 4 (Doc. No. 76-1). The Court observes that Plaintiffs' Fourth Amended Complaint alleged the "individual defendant prosecutors . . . were negligent and grossly negligent in failing to act reasonably to investigate and protect K.J. and by maliciously charging him with more crimes for his refusal to plead guilty . . . ." Fourth Amended Compl. ¶ 323. The Court in its April 21, 2015 decision held that "prosecutorial immunity does not apply to Plaintiffs' malicious prosecution claim against Kirk and Crater in their individual capacities in Count XXV." April 21, 2015 Opinion at 28. Plaintiffs argue that Defendants may not raise new arguments against the malicious prosecution claim in light of the Court's previous decision. Pls.' Prosecutor Opp'n Br. at 16 (Doc. No. 80).

The Court acknowledges that it was mistaken when it characterized Plaintiffs' claim that Defendants were negligent or grossly negligent in their failure to conduct a reasonable investigation before charging K.J. as a malicious prosecution claim. Plaintiffs' use of "maliciously" in the Fourth Amended Complaint was given legal significance in this Court's previous opinion, when it should have been viewed as a persuasive adverb. Accordingly, Count XXV of the Fourth Amended Complaint, now Count XX of the Fifth Amended Complaint, should have been dismissed in April 2015 on the basis of Defendants' immunity under the New Jersey Tort Claims Act because Plaintiffs failed to allege that Defendants' conduct involved actual malice or willful misconduct. See April 21, 2015 Opinion at 26. Accordingly, Defendants' motion to dismiss Count XX against them is granted. Because allowing Plaintiff leave to amend the nonexistent malicious prosecution claim would effectively allow Plaintiff to add a new claim, Plaintiff will not be given leave to amend Count XX.

### D.  Motion to Dismiss Counts XIII and XXV by Atlantic County Prosecutor's Office

Defendant Atlantic County Prosecutor's Office submitted a motion to dismiss Counts XIII and XXV of the Fourth Amended Complaint. (Doc. No. 79-1). The Court notes that Plaintiffs have filed their Fifth Amended Complaint. The Court assumes that Defendant intended to move to dismiss Count XX of the Fifth Amended Complaint. Count XX alleges that Defendant negligently hired and retained Defendants Kirk and Crater. Defendant has previously moved to dismiss this count as it appeared in the Fourth Amended Complaint. *See* Prosecutor's Office Motion to Dismiss Fourth Amended Complaint (Doc. No. 34-1). Defendant argued that the Prosecutor's Office had absolute prosecutorial immunity against all of Plaintiffs' claims. *Id.* at 14-18. This Court held that prosecutorial immunity did not apply to Plaintiffs' negligent hiring

claim against the Prosecutor's Office and declined to grant Defendant's motion to dismiss on that basis. April 21, 2015 Opinion at 28-29.

Plaintiffs argue that Rule 12(g)(2) bars Defendant from now arguing that Plaintiffs do not adequately state a claim under 12(b)(6). Pls.' Pros. Off. Opp'n Br. at 15 (Doc. No. 83). The Court has already discussed the requirements of Rule 12(g)(2) above.

Defendant submitted a motion under Rule 12 to dismiss Plaintiffs' Fourth Amended Complaint. Defendant could have argued that Plaintiffs failed to adequately state a claim for negligent hiring at that point, but omitted that argument from their motion. The Court defers to the text of Rule 12. Accordingly, Defendant Atlantic County Prosecutor's Office's motion to dismiss Count XX is denied.[8]

## IV. CONCLUSION

For the reasons stated herein, Department Defendants' motion to dismiss is **GRANTED**; School Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**; Prosecutor Defendants' motion to dismiss is **GRANTED**; and Defendant Atlantic County Prosecutor's Office's motion to dismiss is **DENIED**. An appropriate order shall issue.

Dated:   12/30/2016                                          s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge

---

[8] The Court would like to make it exceedingly clear that it is not opining on whether Plaintiffs have stated a claim that could survive a subsequent motion for summary judgment. The Court simply cannot opine on the adequacy of Plaintiffs' allegations at this time due to the constraints of Rule 12(g)(2).