# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| K.J., individually and on behalf of K.J., Jr, *et al.*, | |
| Plaintiffs, | Civil No. 14-0145 (RBK/JS) |
| v. | **OPINION** |
| GREATER EGG HARBOR REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion for Summary Judgment of Defendant Atlantic County Prosecutor's Office ("ACPO"). (Doc. No. 110.) This Court previously dismissed Atlantic County prosecutors Anne Crater, Esq. and Lauren Kirk, Esq. from this matter because the claims against them were barred by sovereign and prosecutorial immunities. (*See* Doc. No. 104.) The question before the Court today is: on summary judgment, must the Court dismiss a state-law claim of negligent hiring against the ACPO if the prosecutors themselves are immune to suit?

The ACPO's moving brief today distills to an argument that the immunity of the prosecutors either extends to the ACPO or else prevents the attachment of respondeat superior. Neither apply here. Negligent hiring is a tort separate and distinct from malicious prosecution and therefore does not implicate the same issues of immunity. Respondeat superior does not implicate negligent hiring. And in any event the ACPO's motion is plainly deficient and fails to comply with the minor procedural burdens imposed by Rule 56. We therefore dismiss the ACPO's motion for summary judgment.

1

## I. THE FACTS

This Court has previously endeavored to chart the twists and turns of this case and will only briefly revisit them here. *See* Dec. 30, 2017 Opinion at 2-10 (Doc. No. 88); Aug. 26, 2015 Opinion at 2-10 (Doc. No. 57); April 21, 2015 Opinion at 2-10 (Doc. No. 51). We focus today on the role of the ACPO in this litigation. In late 2012, shortly after the events of the Sandy Hook Elementary School shootings, Plaintiff was called out of his high school class after a teacher saw a drawing that bore some resemblance to a weapon. This led to a search of Plaintiff's home by the police, a flame-throwing device was uncovered, and some time later the Prosecutor's Office was contacted. They charged Plaintiff with a crime, and a New Jersey judge ordered Plaintiff's detention for two weeks. He was subsequently placed under house arrest. At a criminal trial at a later date, all charges were dismissed. This suit, encompassing a wide spectrum of activities and defendants, was thereafter filed. The aspect of this dispute before the Court today addresses the hiring of the prosecutors Anne Crater, Esq. and Lauren Kirk, Esq., who, it is alleged, detained Plaintiff with an improper purpose and maliciously prosecuted him. Whether they did so is beside the point, for the prosecutors themselves are dismissed on the basis of immunity. But the question of the liability of the Prosecutor's Office still lingers.

We have previously held that "negligent hiring claims against the Prosecutor's Office . . . are not barred by sovereign immunity." *See* April 21, 2015 Opinion, Doc. No. 51 at 24 (citing *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996)). In that decision, we dismissed "all of Plaintiff's federal and state law claims . . . with the exception of the negligent hiring claims in Counts XIII and XXV." *Id.* at 25. In the Fifth Amended Complaint, these claims have since become Counts 9 and 20. Count 9 is identical to the former Count XIII; Count 20 has taken a slightly

different tack. (FAC at 50-55; 96-104.) In this Court's decision of December 30, 2016, we noted that the ACPO had moved to dismiss Counts XIII and XXV, presumably referring to Count 20 of the FAC, and denied the ACPO's motion to dismiss for failing to comply with Fed. R. Civ. P. 12(g)(2).

Most recently, on December 1, 2017, this Court issued an order seeking clarification of the motion for summary judgment and additional supplemental briefing on the matter. The ACPO responded by notifying the Court that it was indeed only moving for summary judgment on the state law claim, and that it intended to move for summary judgment on the § 1983 claim at a later date. (Doc. No. 144.)

## II. LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x. 353, 354 (3d Cir. Sept. 17, 2007) (quoting *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. DISCUSSION

The ACPO, in its moving brief (which is exceptionally brief), states that dismissal "will be granted in part on the basis of sovereign immunity," but does not develop this further. What the brief focuses on instead is "a claim for negligent hiring." There has been some confusion about the singularity of "claim" in the ACPO's briefing, and we directed the parties to produce supplemental briefing on this. Even now, after subsequent communications attempting to clarify matters for the Court (*see* Doc. No. 144), the ACPO continues to say that "negligent hiring" is the "only claim." It is not. Review of this Court's April 21, 2015 confirms the contrary. *See* April 21, 2015 Opinion at 25 ("all of Plaintiffs federal and state law claims are dismissed as to the

Prosecutor's Office, with the exception of the negligent hiring *claims* in Counts XIII and XXV."). Those are two separate claims. While the ACPO clearly recognizes this in its subsequent communications with the Court, its one-and-a-half-pages of analysis does not articulate the distinction.

Although the name of the issue—negligent hiring—is the same for both claims, the law differs significantly. Negligent hiring under New Jersey law "addresses the risk created by exposing members of the public to a potentially dangerous individual," i.e., it focuses on the hiring decision and its downstream consequences. *Di Cosala v. Kay*, 91 N.J. 159, 172, 450 A.2d 508, 515 (1982). Negligent hiring under § 1983 tracks this closely: it addresses both the hiring decision and its downstream consequences. But a § 1983 plaintiff must also prove she "suffered a deprivation of federal rights," in addition to proving fault and causation. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 405, 117 S. Ct. 1382, 1389, 137 L. Ed. 2d 626 (1997).

We will construe the motion to address only the state-law claim of negligent hiring and forego the supplemental briefing. The ACPO first argues that "factually and logically" the ACPO is not involved in this case because this Court previously dismissed the prosecutors on grounds of immunity. This misses the mark. As a matter of law, negligent hiring does not address the conduct of the employees directly. It addresses the hiring decision, and the foreseeable consequences of that decision. The ACPO correctly notes that there must be some notice to an employer at the time of the hiring decision and the likelihood of that employee causing harm. *Lingar v. Live-In Companions, Inc.*, 300 N.J. Super. 22, 32 (App. Div. 1997) ("The totality of the circumstances surrounding the hiring must be considered in determining whether the employer exercised due care."). But the ACPO fails to recognize the import of that notice, which is that notice is a factor in evaluating whether an employer's decision is tortious. In a negligent hiring action, it is the hiring

5

decision that is the alleged tort, not the act of the employee. Conversely, if an employee is immune to a given tort action, that immunity does not necessarily impute to the decision to hire that employee.

We also note that the liabilities of an employee do not always inform the liabilities of the employer. Under New Jersey law, the tort of negligent hiring is not necessarily impacted by respondeat superior. *Cf. Di Cosala v. Kay*, 91 N.J. 159, 172–73 (1982) ("the scope of employment limitation on liability which is a part of the respondeat superior doctrine is not implicit in the wrong of negligent hiring."). Prosecutorial immunity may prevent liability under respondeat superior, but negligent hiring does not depend on it. Thus, neither the immunity of the prosecutors nor the impossibility of liability under respondeat superior necessarily bar a negligent hiring claim.

That being the case, this Court cannot adjudicate the matter without reference to the facts. Yet the ACPO has failed to carry the fairly minor procedural burdens imposed on a movant for summary judgment. "Parties must identify disputed issues in their briefs . . . District judges are not archeologists." *Hoffman La Roche v. Apotex*, 2013 U.S. Dist. LEXIS 10913 (D.N.J. Jan. 28, 2013), *aff'd* 748 F.3d 1326 (Fed. Cir.), *cert. den.* 190 L. Ed. 2d 704 (2014) (internal citations and quotations omitted). Rule 56(c)(1) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing particular parts of materials in the record." Regrettably, that did not happen here, and had it happened, it might have added some much needed clarity to the motion. Local Civil Rule 56.1 requires the movant to furnish statement of material facts not in dispute. That did not happen here either. Lastly, Local Civil Rule 56.1 instructs that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." The Court may excuse noncompliance in appropriate cases, *see Boswell v. Eoon*, 452 Fed. App'x 107, 111-12 (3d Cir. 2011), but there is no reason to do so here.

The motion for summary judgment is thus **DENIED**. An order follows.

Dated: 12/06/2017

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge