IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| K.J., individually and on behalf of K.J., Jr., *et al.*, | : <br> : <br> : <br> : Civil No. 14-145 (RBK/JS) <br> : <br> : **OPINION** <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Plaintiffs, | |
| v. | |
| GREATER EGG HARBOR REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion for Reconsideration (Doc. 180). Defendants seek reconsideration of the Court's December 16, 2019 Order (Doc. 178) that denied in part Defendants' motion for summary judgment. For the reasons contained herein, Defendants' Motion for Reconsideration is DENIED.

## I. BACKGROUND

An extensive factual history of this case has been set out in previous opinions (Docs. 51, 177) and is not repeated here. In brief, a high school student named K.J. and his family (collectively "Plaintiffs") brought this action against K.J.'s school district and affiliated administrators, teachers, and staff (collectively "Defendants"). Plaintiffs allege that Defendants violated a number of K.J.'s rights in connection with two incidents that resulted in school suspensions in 2011 and 2012. (Doc. 180-2 at 4.)

Since Plaintiffs filed this suit in January 2014, this case has weathered numerous amended complaints, motions to dismiss, and motions for summary judgment. The Court's Opinion and

Order dated December 16, 2019 (Docs. 177, 178), which granted in part and denied in part Defendants' latest request for summary judgment, is the subject of Defendants' present motion for reconsideration.

The December 2019 Order granted Defendants' motion for summary judgment in part, as to the following counts: Count III (Violation of NJCRA) only as to the First Amendment and Fourth Amendment violations alleged, Count V (§ 1983 claim for violation of the Fourth Amendment), Count VI (§ 1983 claim for violation of the First Amendment), Count VII (§ 1983 claim for violation of the Fourteenth Amendment) only as to the alleged due process violations following the December 2012 incident, Count XII (NJLAD hostile learning environment), and Count XVI (IIED). (Doc. 178.) It denied Defendants' motion for summary judgment as to all other counts. (*Id.*)

Defendants now ask the Court to reconsider its denial of summary judgment as to Counts I and II, portions of Count III and Count VII, Count XI, Count XIII, Count XIV, and Count XX.

## II.   LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, Civ. No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, Civ. No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe*

*ex. rel. Lou–Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "The word 'overlooked' is the operative term in the Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); L. Civ. R. 7.1(i).

### III.   DISCUSSION

In moving for reconsideration, Defendants argue that the Court erroneously denied summary judgment on the Counts referenced above. In opposition, Plaintiffs argue that Defendants' motion for reconsideration is untimely under the applicable rule—Local Civil Rule 7.1(i)—and should be denied. (Doc. 181 at 6–7.) The Court agrees with Plaintiffs.

Under Local Civil Rule 7.1(i), motions for reconsideration must be "filed within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(i) Here, the Order in question was entered on December 16, 2019. (Doc. 178.) Defendants filed the Motion for Reconsideration (Doc. 180) on January 6, 2020—twenty-one days after entry of the order, and thus past the deadline set out in Rule 7.1(i).

In their reply brief, Defendants argue that the motion is not untimely because it is governed by the longer, 28-day timeline set out in Federal Rule of Civil Procedure 59(e). (Doc. 182 at 4–5.) Further, although they did not mention Federal Rule of Civil Procedure 60 in their motion, Defendants also include a single sentence in their reply brief stating that the motion was brought pursuant to Rule 60. (Doc. 182 at 4.) However, Defendants do not elaborate on the requirements of Rule 60, nor do they provide any explanation of how their motion satisfies Rule 60.[1]

---

[1] The entirety of Defendants' reference to Rule 60 is: "Defendants file the instant Motion for Reconsideration pursuant to Federal Court Rule 59(e) and 60." (Doc. 182 at 4.)

3

The Court first addresses Defendants' passing reference to Rule 60. "It is well-established that a party cannot raise an argument for the first time in a reply brief." *Maliandi v. Montclair State Univ.*, Civ. No. 14-1398, 2017 WL 935160, at *5 (D.N.J. Mar. 9, 2017), *aff'd*, 2017 WL 3023205 (D.N.J. July 17, 2017) (declining to consider a party's argument that Rule 60 applied when the argument was raised for the first time in a reply brief). *See also Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (finding that "[a]n issue is waived unless a party raises it in its opening brief," and finding "a passing reference to an issue" to be insufficient).

Defendants' brief filed in support of their motion clearly alleges that the motion for reconsideration is governed by Local Rule 7.1(i) and Rule 59(e)—the brief does not include any mention of Rule 60. (Doc. 180-2 at 2.) In their reply brief, Defendants then make a "passing reference" to Rule 60. However, they do not include any arguments alleging that they meet Rule 60's grounds for relief. Accordingly, because Defendants raise Rule 60 in their reply and then fail to make any argument as to its application, the Court does not consider the possible application of Rule 60 to this motion.

Turning next to Defendants' argument that the 28-day timeline in Rule 59(e) controls, rather than the 14-day timeline in Local Rule 7.1(i), the Court finds that this argument also fails. Rule 59(e), titled "Motion to Alter or Amend a Judgment," dictates that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Courts construe the term "judgment" in Rule 59(e) to mean a *final* judgment, not an interlocutory order. *Schlafly v. Eagle Forum*, Civ. No. 17-2522, 2020 WL 2790519, at *3 (D.N.J. May 30, 2020) (collecting cases).

Where a party moves for reconsideration of an order denying summary judgment, this Court has repeatedly held that "[t]he provisions of Rule 59 are designed to address orders rendering a final judgment, not interlocutory orders denying summary judgment," and where "no final judgment has been entered . . . the provisions of Rule 59, and its 28–day time limit, are inapplicable." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F.Supp.2d 62, 78 (D.N.J. 2012). *See also Zitter v. Petruccelli,* Civ. No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017) (holding that "Local Civil Rule 7.1(i), and not Fed. R. Civ. P. 59(e)," governs motions for reconsideration of an interlocutory order); *Jones v. Sanko Steamship Co., Ltd*, Civ. No. 10-6787, 2016 WL 819618 (D.N.J. Mar. 2, 2016) (holding that, where "no final judgment has been entered . . .the provisions of Rule 59(e), and its 28–day time limit, have no application . . . Rather, Local Civil Rule 7.1(i) provides the proper procedural mechanism for reconsideration of this Court's interlocutory summary judgment decision").

Because Defendants seek reconsideration of an "interlocutory order[] denying summary judgment," rather than reconsideration of a final judgment, the 14-day time limit in Rule 7.1(i) controls. *Mitchell,* 913 F.Supp.2d at 78. Under this standard, Defendants' motion is untimely, and will be denied accordingly. *See Schlafly*, 2020 WL 2790519, at *6 (noting that "courts within this district routinely deny untimely . . . Local Civil Rule 7.1(i) motions," and noting further that "the Third Circuit has upheld the denial of untimely . . . Local Civil Rule 7.1(i) motions") (collecting cases).

## IV.   CONCLUSION

For the reasons detailed above, Defendants' Motion for Reconsideration (Doc. 180) is DENIED. An accompanying Order shall issue.

Dated: 6/30/2020 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge